Rayminh L. Ngo, Esq. (SDNY #rn4834)
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
(714) 617-8352
(714) 597-6729 facsimile
Email: rngo@higbeeassociates.com

Attorney for Plaintiff,
CHRISTOPHER SADOWSKI.

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER SADOWSKI,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK MAITLAND d/b/a STREET HYPE NEWSPAPER,<br><br>Defendant. | Case No. _____<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FROM COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Christopher Sadowski, for his Complaint against Patrick Maitland, d/b/a Street Hype Newspaper, Defendant, alleges as follows:

### INTRODUCTION

1. Christopher Sadowski (hereinafter "Plaintiff"), by counsel, brings this action to challenge the actions of Patrick Maitland d/b/a Street Hype Newspaper (hereinafter "Defendant"), with regard to the unlawful use of one (1)

1

copyrighted image (hereinafter "Image") owned by Plaintiff, and this conduct caused Plaintiff damages as alleged herein.

2. For the purposes of this Complaint for damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendant(s) named in this caption.

3. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, whereby the Defendant violated Plaintiff's exclusive rights as copyright owner pursuant to 17 U.S.C. §§ 106 and 106A.

4. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

5. This Court has personal jurisdiction over Defendant because Defendant's acts of infringement complained of herein occurred in the State of New York, and because Defendant resides within the State of New York.

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) because the Defendant resides in this judicial district and a substantial part of the events giving rise to Plaintiff's claim occurred in this judicial district. Alternatively, venue is also proper pursuant to 28 U.S.C. § 1400(b) because the Defendant resides,

//

committed the acts of infringement, and has a regular and established place of business in this judicial district.

## PARTIES

7. Plaintiff is a natural person residing in the City of Hawthorne, in the State of New Jersey.

8. Plaintiff is a "copyright owner" who holds "exclusive rights" to his "copyrighted work[s]" pursuant to 17 U.S.C. §§ 101, 106, 106A.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is an individual residing in the City of Brooklyn, in the State of New York, and conducted business within the City of Mount Vernon, in the State of New York.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant is an individual who unlawfully published Plaintiff's copyrighted works without Plaintiff's express or implied authority, by the method of a license.

## FACTUAL ALLEGATIONS

11. At all times relevant, Plaintiff was an individual residing within the State of New Jersey.

12. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant was an individual residing in the State of New York and in this judicial district.

13. Plaintiff is a professional photographer by trade. Plaintiff is regularly contracted to take photographs for organizations such as the New York Post. His photographs appear in numerous news publications, magazines, books, television programs and other media. He sells or licenses photography to people and companies seeking to make use of the photographs for editorials, advertisements and pecuniary gain. Plaintiff's livelihood is dependent on receiving compensation for the photographs he produces.

14. Plaintiff took the Original Image. *See* Original Image, attached hereto as "Exhibit A."

15. Plaintiff has ownership and copyright of the Image.

16. Plaintiff has registered the Image with the United States Copyright Office under Registration Number VA 1-919-173.

17. Plaintiff has provided multiple notices to Defendant that the Image is subject to copyright and to cease use of the Image.

18. Plaintiff did not consent to authorize, permit, or allow in any manner the use of the Image by Defendant.

19. Plaintiff is informed and believes that Defendant used Plaintiff's copyrighted works without his permission and that Defendant published, communicated, benefited through, posted, publicized and otherwise held out to the public for commercial benefit, the original and unique work of Plaintiff without

Plaintiff's consent or authority, and acquired monetary gain and market benefit as a result.

20. Plaintiff is informed and believes that Defendant used the Image on its business website from as early as July 7, 2014. *See* Screenshots of Defendant's Use, attached hereto as "Exhibit B."

21. Defendant used the Image to promote the Defendant's business.

22. Plaintiff did not consent to the use of his Image for commercial gain.

## FIRST CAUSE OF ACTION

## COPYRIGHT INFRINGEMENT

### Title 17 of the United States Code

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original materials and/or work.

25. Plaintiff is informed and believes and thereon alleges that said Defendant infringed upon Plaintiff's copyrighted works in violation of Title 17 of the U.S. Code, in that Defendant published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique work of the Plaintiff without the Plaintiff's consent or authority and acquired monetary gain and market benefit as a result.

26.     As a result of each and every Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to actual damages and profits pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $30,000.00 for each count of copyright infringement (whether or not the infringement was willful) and up to $150,000.00 (if the count finds there was willful infringement) pursuant to 17 U.S.C. § 504(c).

27.     As a result of the Defendant's violations of Title 17 of the U.S. code, the court in its discretion may also allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

28.     Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

//
//
//
//
//
//
//
//
//

# **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant

- Awarding Plaintiff statutory damages in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c);

- Awarding Plaintiff costs of litigation and reasonable attorney's fees, pursuant to 17 U.S.C. § 505;

- Enjoining the Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502; and

- Awarding any other relief the Court deems just and proper.


Dated: April 24, 2017                                  Respectfully submitted,

**/s/ Rayminh L. Ngo**
Rayminh L. Ngo, Esq.
SDNY #rn4834
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Christopher Sadowski, hereby demands a trial by jury in the above matter.

Dated: April 24, 2017                              Respectfully submitted,

**/s/ Rayminh L. Ngo**
Rayminh L. Ngo, Esq.
SDNY #rn4834
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8350
(714) 597-6729 facsimile
*Counsel for Plaintiff*